IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CT-3308-D

NIJEL RAMSEY LEE, )
)
Plaintiff, )
)
v. ) **ORDER**
)
RICKY D. CRIBB, et al., )
)
Defendants. )

On September 29, 2020, Nijel Ramsey Lee ("Lee"), a state inmate proceeding pro se and in forma pauperis, filed a verified complaint under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1, 2, 9]. On March 9, 2021, the court reviewed the complaint pursuant to 28 U.S.C. § 1915(a), allowed Lee to proceed with his section 1983 claims concerning a November 15, 2017 use of force incident, but dismissed any claim relying on a violation of prison policies [D.E. 12]. On November 28, 2021, the court granted defendants' motion for summary judgment and dismissed the action without prejudice for failure to exhaust administrative remedies [D.E. 28], and the clerk entered judgment [D.E. 29].

On December 1, 2021, Lee appealed [D.E. 30]. On August 24, 2022, the Fourth Circuit "reverse[d] . . . and remand[ed this action] for consideration on the merits, expressing no view on the ultimate disposition of Lee's claims." Lee v. Cribb, No. 21-7669, 2022 WL 3644849, at *1 (4th Cir. Aug. 22, 2022) (per curiam) (unpublished). On remand, North Carolina Prisoner Legal Services assisted Lee with discovery, which concluded on February 27, 2023. See [D.E. 38, 41, 43].

Defendants move for summary judgment. See [D.E. 46]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Lee about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 51]. On May 22, 2023, Lee filed a declaration in opposition [D.E. 52], which the court construed as seeking relief pursuant to Federal Rule of Civil Procedure 56(d). See [D.E. 53]. On June 23, 2023, defendants filed responses in opposition [D.E. 56, 57]. On July 14, 2023, the court denied Lee's request for relief [D.E. 58]. On August 14, 2023, Lee filed a partial response in opposition to defendants' motion for summary judgment [D.E. 59, 60, 61]. On August 28, 2023, with the court's permission [D.E. 63], Lee filed a memorandum in opposition to defendants' motion for summary judgment [D.E. 64]. As explained below, the court grants defendants' motion for summary judgment in part and dismisses plaintiff's official-capacity claims.

I.

On the night of November 14, 2017, at Columbus Correctional Institution, defendants conducted a search of Lee's dormitory. See Compl. [D.E. 1] ¶ 11; Defs.' SMF [D.E. 50] ¶ 4; Pl. SMF [D.E. 60] ¶ 2. Lee was in the dayroom during the search and saw that his personal property was thrown to the floor. See Compl. ¶¶ 12–13; Defs.' SMF ¶ 5; Pl. SMF ¶ 3. Lee and Cribb discussed the issue, and Cribb ordered Lee to return to the dayroom. Compare Defs.' SMF ¶¶ 5–6 with Pl.'s SMF ¶¶ 3–5. The parties agree that Cribb used pepper spray on Lee but disagree whether Lee threatened and attempted to assault Cribb or whether Lee was compliant with Cribb's instructions but defendants continued to use force on Lee after Lee was restrained. Compare Defs.' SMF ¶¶ 5–8 with Pl.'s Decl. [D.E. 61-1] ¶¶ 8–10, 13. Following the use of force incident, Lee was decontaminated, given a change of clothes, and escorted to restrictive housing, where he was regularly monitored. See Defs.' SMF ¶¶ 8–9; Pl.'s SMF ¶ 7. Defendants' appendix does not include

2

any medical records or video evidence relating to the use of force incident. Lee's appendix includes photographs that suggest he suffered physical injuries as a result of the incident. See Pl.'s Ex. B [D.E. 61-1] 8–10, 12–13.

II.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 335 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (cleaned up). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 248–49. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott, 550 U.S. at 378.

To show that a prison official used excessive force and violated the Eighth Amendment, a prisoner must establish "more than indifference, deliberate or otherwise. The claimant must show that officials applied force maliciously and sadistically for the very purpose of causing harm[.]" Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quotations omitted). To succeed, the claimant must show that "the officials acted with a sufficiently culpable state of mind" and that "the alleged

3

wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (cleaned up); see Farmer, 511 U.S. at 834–36.[1]

"The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quotations omitted); see Thompson v. Virginia, 878 F.3d 89, 101 (4th Cir. 2017); United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010). Factors relevant to determining the prison official's state of mind include "(1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and (4) the efforts made to temper the severity of the force applied." Tedder v. Johnson, 527 F. App'x 269, 272 (4th Cir. 2013) (unpublished) (quotations omitted); see Whitley v. Albers, 475 U.S. 312, 321 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam). "The objective component of an excessive force claim is not nearly as demanding . . . because when prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency are always violated, whether or not significant injury" results. Boone v. Stallings, 583 F. App'x 174, 176 (4th Cir. 2014) (per curiam) (unpublished) (cleaned up).

Genuine issues of material fact preclude summary judgment. See, e.g., Love v. Beasley, 788 F. App'x 935, 937 (4th Cir. 2020) (per curiam) (unpublished); Brooks v. Johnson, 924 F.3d 104,

---

[1] The court declines to address defendants' renewed motion for summary judgment for failure to exhaust administrative remedies. See Lee, 2022 WL 3644849, at *1; cf. Griffin v. Bryant, 56 F.4th 328, 335–38 (4th Cir. 2022); Germain v. Shearin, 653 F. App'x 231, 234–35 (4th Cir. 2016) (unpublished). The court grants defendants' motion for summary judgment on Lee's official-capacity claims. See, e.g., Hafer v. Melo, 502 U.S. 21, 25–27 (1991); cf. Will v. Mich. Dep't of State Police, 491 U.S. 58, 63–71 (1989).

4

114–18 (4th Cir. 2019); Servidio v. Pittman, 632 F. App'x 747, 749–50 (4th Cir. 2015) (per curiam) (unpublished); Parker v. Stevenson, 625 F. App'x 196, 198–99 (4th Cir. 2015) (per curiam) (unpublished); Ussery v. Mansfield, 786 F.3d 332, 337–38 (4th Cir. 2015); Boone, 583 F. App'x at 176–77. Thus, the court denies the motion for summary judgment.

Defendants also argue that they are entitled to qualified immunity. See [D.E. 47] 13. Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Rivas-Villegas v. Cortesluna, 595 U.S. 1, 4–8 (2021) (per curiam); City of Tahlequah v. Bond, 595 U.S. 9, 11–15 (2021) (per curiam); City of Escondido v. Emmons, 139 S. Ct. 500, 503–04 (2019) (per curiam); Kisela v. Hughes, 138 S. Ct. 1148, 1152–55 (2018) (per curiam); District of Columbia v. Wesby, 583 U.S. 48, 62–68 (2018); Hernandez v. Mesa, 582 U.S. 548, 554 (2017) (per curiam); Ziglar v. Abbasi, 582 U.S. 120, 150–52 (2017); White v. Pauly, 580 U.S. 73, 78–80 (2017) (per curiam); Mullenix v. Luna, 577 U.S. 7, 11–13 (2015) (per curiam); Taylor v. Barkes, 575 U.S. 822, 825–26 (2015) (per curiam); City of San Francisco v. Sheehan, 575 U.S. 600, 611 (2015); Carroll v. Carman, 574 U.S. 13, 16–17 (2014) (per curiam); Reichle v. Howards, 566 U.S. 658, 664 (2012). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Kisela, 138 S. Ct. at 1152; Wesby, 583 U.S. at 63; Ziglar, 582 U.S. at 151–52; White, 580 U.S. at 79–80; Mullenix, 577 U.S. at 12; Taylor, 575 U.S. at 825; Sheehan, 575 U.S. at 611; Carroll, 574 U.S. at 17.

In analyzing qualified immunity, the court asks "whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right[,]" and "whether the right at issue

5

was clearly established at the time of [the] defendant's alleged misconduct." Pearson v. Callahan, 555 U.S. 223, 232 (2009) (cleaned up); see Reichle, 566 U.S. at 664; Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010). Courts may decide which question to address first. See Pearson, 555 U.S. at 242. "A [g]overnment official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (cleaned up). Although a case need not be directly controlling, "existing precedent must have placed the statutory or constitutional question beyond debate." Id.; see Reichle, 566 U.S. at 664. Qualified immunity shields a defendant if the answer to either question is "no." See Reichle, 566 U.S. at 664; al-Kidd, 563 U.S. at 735; Miller v. Prince George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007); Bostic v. Rodriguez, 667 F. Supp. 2d 591, 605–06 (E.D.N.C. 2009).

The record precludes a determination of qualified immunity at this time. See Brooks, 924 F.3d at 119; Ussery, 786 F.3d at 338; Tedder, 527 F. App'x at 274–75. Thus, the court denies in part without prejudice defendants' motion for summary judgment for qualified immunity.

III.

In sum, the court GRANTS IN PART defendants' motion for summary judgment [D.E. 46] and DISMISSES plaintiff's official-capacity claims against all defendants. The court REFERS plaintiff's remaining claims to Magistrate Judge Robert B. Jones, Jr. for a court-hosted settlement conference. Judge Jones will notify the parties how he wishes to proceed, including any appointment of counsel for the conference.

6

SO ORDERED. This _3_ day of October, 2023.

                                               JAMES C. DEVER III
                                               United States District Judge